Morris **KELLY**, Jr., Appellant,

v.

Vincent **MARINO** et al., Appellees.

Court of Appeals of Kentucky.

June 15, 1962.

Strother Kiser, Lexington, for appellant.

Richard P. Moloney, Jr., Lexington, Robert Hines, Frankfort, for appellees.

MOREMEN, Judge.

On October 13, 1961, the Alcoholic Beverage Control Board approved the application of Vincent Marino for a retail package liquor license and said license was ordered issued for premises located on Southland Drive in Lexington. Morris Kelly, Jr., filed a statement of appeal under KRS 243.560. He was the only person who did appeal although many had protested at the hearing before the Board.

The case came on to be heard before the Circuit Court and on January 19, 1962, a judgment was entered sustaining the order of the Alcoholic Beverage Control Board.

On the 15th day of February a notice of appeal to the Court of Appeals was filed by the attorney for Morris Kelly, Jr.

On March 7, attorney for appellant moved that the Court strike the name of Morris Kelly, Jr., as party appellant and substitute in lieu thereof as appellant Mrs. Eula Cobb. This motion to substitute was overruled on March 30.

On March 13, appellee Vincent Marino had filed in this Court affidavits, certified copies of the judgment and the notice of appeal which had been filed in behalf of Morris Kelly, Jr., bond for costs and motion to dismiss the appeal on the ground that Kelly, Jr., had no interest in the appeal and did not wish to proceed with it. This affidavit was to the effect that Kelly, Jr., had moved to Seattle, Washington, and that the appeal to the Court of Appeals was not authorized by him. A copy of a letter from Kelly, Jr., was filed in which he stated that the appeal was unauthorized and he had no desire to prosecute the action. No response was made to this motion and on April 24 this Court sustained the motion to dismiss the appeal. On April 25, 1962, a response was filed to appellees' motion to dismiss.

On May 2, 1962, Morris Kelly, Jr., by counsel moved that this Court set aside and invalidate the order entered on April 24 dismissing the captioned appeal, and further moved that the appeal be reinstated, and filed in support the affidavit of appellant's attorney and Eula Cobb. In this affidavit the attorney stated, among other things, that he had no knowledge until after the motion had been sustained that appellees had, upon March 13, filed a motion to dismiss the appeal. The affidavit of Mrs. Cobb stated, among other things, that she desired to intervene as appellant and have her name substituted for that of Kelly, Jr.

We have decided to disregard the formalities of the various moves made by counsel and to decide on merit whether Mrs. Cobb should have been permitted to intervene in the Circuit Court or should be allowed to be substituted as appellant in this Court.

After the hearing before the A B C Board, when appellee's application for a license was granted, Morris Kelly, Jr. appealed under the terms of KRS 243.560, which reads in part:

> "Any order of the board refusing, revoking or suspending a license may be appealed from by the applicant or licensee, and any order of the board granting or refusing to revoke or suspend a license may be appealed from by any citizen feeling himself aggrieved."

There were many protestants at the hearing before the Board but, at the time, Morris Kelly, Jr., was the only person who took advantage of the right to appeal to the Franklin Circuit Court "within ten days after the entry of the order." As we have said, the Circuit Court sustained the action of the Board. After he had entered a judgment, Mrs. Cobb attempted to intervene under CR 24.01 which reads:

> "Upon timely application anyone shall be permitted to intervene in an action (1) when a statute confers an unconditional right to intervene, or (2) when the representation of applicant's interest by existing parties is or may be inadequate, and the applicant is or may be bound by a judgment in the action, or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or an officer thereof."

Immediately we are presented with the question of whether the motion to intervene was timely. In Monticello Electric Plant Board v. Board of Education, Ky.,

310 S.W.2d 272, we held that intervention after judgment may be permitted under some circumstances but the attempted intervenor has a special burden of justifying apparent lack of timeliness. We find no such justification here. Here the intervenor is represented by the same counsel and the nature of the procedure on appeal (KRS 243.570) is such that the name of the party appealing is of little value. The case was tried upon the record made before the Board and counsel was the same for both Kelly Jr. and Mrs. Cobb.

 Subsection (2) of KRS 243.570 provides that no additional evidence shall be introduced in the Franklin Circuit Court except as to fraud or misconduct of some party engaged in the administration of Chapter 243 and affecting the order appealed from. No such charge has been made here. So the case was tried before the Court on the record made before the Board. It is plain from the record in the Franklin Circuit Court that the representation was adequate, and that the Trial Court was correct in refusing intervention.

The appeal from the Circuit Court to the Court of Appeals must follow procedure under KRS 243.590 and that section is not as broad as the one dealing with an appeal from the Board's decision where any *citizen* feeling himself aggrieved may, under KRS 243.560, appeal. Under KRS 243.590 (appeals from the Circuit Court to this Court) any *party* aggrieved may appeal.

To some extent this case is similar to Bartholomew v. Paniello, Ky., 287 S.W.2d 616, where a municipal alcoholic beverage control administrator denied application for a liquor license. Applicant appealed but the municipal alcoholic control administrator was not made party to it. The parties were applicant and the State Alcoholic Beverage Control Board. The Franklin Circuit Court ordered the license issued. The municipal administrator then appealed to this Court. This Court said:

"Conceding, without deciding, that appellant was an aggrieved 'person'

under KRS 243.560(2) and could have appealed to the Franklin Circuit Court and conceding, without deciding, that appellant could have intervened and been made a party in the Franklin Circuit Court, he failed to take either of these steps. The term 'party' as used in KRS 243.590 and CR 73.02 clearly means a party of record in the proceedings."

 In the case at bar Mrs. Cobb might have been an aggrieved citizen when the order granting the liquor license was entered, but when she failed to manifest her grievance by appeal to the Circuit Court within ten days she lost any right which she had to complain and, since she was not a party to that appeal, she has no right to appeal to this Court or intervene.

Furthermore, no attempt was made to intervene in the Circuit Court until after the time for filing a notice of appeal had expired.

The appeal is dismissed.